

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| JERRY ARTHO., | § | No. 15-20046-RLJ-2 |
| | § | |
| Debtor, | § | |
| | § | |
| ——————————————— | § | |
| | § | |
| CARL DAVID ADAMS | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | 2:19-CV-116-Z |
| | § | |
| HAPPY STATE BANK, et al., | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Appellant Carl David Adams's Verified Response to Order to Show Cause Why Appeal Should Not Be Dismissed (ECF No. 6) ("Response") and Appellant's Supplement to Appellant's Response (ECF No. 9) ("Supplemental Response"), which Appellant filed in response to this Court's Order to Show Cause (ECF No. 5). Having considered both motions, the Appellees' Reply to Appellant's Response (ECF Nos. 7) ("Reply"), and the applicable law, the Court DENIES Appellant's Response and DISMISSES this appeal.

### BACKGROUND

Appellant Carl David Adams served as counsel for the Debtor in the Chapter 12 Bankruptcy Proceeding underlying this appeal, Jerry Artho. (ECF No. 3-2, p. 405). In February 2017, Artho brought an adversary proceeding against Appellee Happy State Bank ("HSB"), alleging several causes of action, including fraud, and seeking money damages of an unliquidated

1

amount. (ECF No. 3-2, p. 403). Artho later amended his complaint to include Appellees Panhandle Enterprises, Inc., OPR H20 LLC, Shannon Burdett, and Outpost Ranches Ltd. (collectively "the Burdett Defendants") (ECF No. 3-2, p. 403). The Bankruptcy Court granted the Appellees' Motions to Dismiss. (ECF No. 3-2, p. 404). Appellees subsequently moved for sanctions against Artho and his attorneys, including the Appellant. (ECF No. 3-2, p. 400). On September 24, 2018, the Bankruptcy Court granted Appellees' Motions for Sanctions against Appellant and ordered Appellant to pay $30,000 to HSB and the Burdett Defendants (ECF No. 3-2, p. 426).

Appellant did not appeal the Bankruptcy Court's September 24, 2018, Order within 14-days as required by Federal Rule of Bankruptcy Procedure 8002. (EFC No. 3-2, p. 431). On February 15, 2019, more than five months after the deadline, Appellant filed a motion asking the Bankruptcy Court to reopen the time to appeal the order to the District Court. (ECF No. 3-2, p. 431). The Bankruptcy Court denied Appellant's appeal on May 17, 2019, holding that the 14-day time limit within which to file an appeal under Rule 8002 is both mandatory and jurisdictional. (ECF No. 3-2, p. 432). Appellant then attempted to appeal the Bankruptcy Court's May 17, 2019, Order. On September 9, 2019, the bankruptcy clerk transmitted the record on appeal to the District Court, and it became available on the Court's electronic filing website. (ECF No. 3). Once the record became available online, Adams had 30 days to file his brief with the Court. *See* FED. R. BANKR. P. 8018(a). On August 7, 2020, having received no brief from Adams almost 10 months after the deadline had expired, the Court ordered Appellant to show good cause for why his appeal should not be dismissed (ECF No. 5).

Appellant responded that his attorney's failure to file was not "intentional or due to conscious indifference" but was due to the "horribly mistaken belief" that the District Court would enter "something akin to a scheduling order . . . providing deadlines for briefing the Court." (EFC

No. 6, p. 4). When the Court did not release such an order, the Appellant's counsel "mistakenly attributed" the delay to the reassignment of this case from another District Court. (EFC No. 6, p. 4 – 5).

Appellees HSB and the Burdett Defendants, unanimously oppose Appellant's request for an extension. (ECF Nos. 7 – 8). In its Reply brief, HSB alleges that Appellant's failure to file by the deadline is not due to "excusable neglect" and, thus, the Court should deny his request to retain the case on the docket and dismiss the appeal.

### LEGAL STANDARDS

The Federal Rules of Bankruptcy Procedure govern appeals of bankruptcy decisions to the District Courts. FED. R. BANKR. P. 8001(a). Rule 8018 outlines the briefing schedule for such appeals and imposes penalties on parties for failing to meet the filing deadlines specified in the rule. FED. R. BANKR. P. 8018(a). An appellant of a bankruptcy court's decision to the district court "must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." FED. R. BANKR. P. 8018(a)(1). Where an appellant fails to file a brief in time, the District Court "may . . . after notice . . . move to dismiss the appeal on its own motion." FED. R. BANKR. P. 8018(a)(4).

The Court has discretion to grant the Appellant an extension of the 30-day deadline. FED. R. BANKR. P. 9006(b)(1). Where the Appellant is requesting an extension after already missing the deadline, he must show that his failure to meet the deadline was the result of "excusable neglect." FED. R. BANKR. P. 9006(b)(1). The Federal Rules of Bankruptcy Procedure offer little guidance on when a party's neglect is "excusable", but the Supreme Court said in *Pioneer Investment Services Co. v. Brunswick Associates. Ltd. Partnership* that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. 380,

395 (1993). In *Pioneer*, the Supreme Court laid out the following four factors courts must consider when determining whether a moving party's neglect was excusable: (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Id.* The *Pioneer* Court also explained that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Id.* at 392. A Court may hold a party accountable for the acts and omissions of its counsel. *Id.* at 396-97.

The Fifth Circuit has adopted the *Pioneer* factors and standard of excusable neglect for bankruptcy proceedings, as well as for several other procedural rules in civil and criminal cases. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468-69 (5th Cir. 1998). Expanding on the standard in *Pioneer*, the Fifth Circuit in *Halicki* reasoned that "a misconstruction of the rules—especially when their language is plain—will rarely satisfy the 'excusable neglect' standard," and that where "the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable." *Id.* at 469-70. Further, the Fifth Circuit has said that where "counsel's behavior so thoroughly falls below a certain threshold, a district court's determination regarding excusable neglect will not be disturbed if the court has considered the moving party's proffered evidence." *Silvercreek Mgmt, Inc. v. Banc of Am. Secs., LLC*, F.3d 469, 472-73 (5th Cir. 2008).

4

ANALYSIS

Appellant does not dispute that his counsel misinterpreted Rule 8018(a)(1) when he failed to file the Appellant's brief as required. (ECF No. 6, p. 4). Instead, he asks the Court to look past his counsel's error for the following reasons: (1) the Appellees will not suffer any prejudice if the Court retains this case on its docket and allows the Appellant to file its brief; (2) the 10-month delay in the proceedings "will have virtually no potential impact on the proceedings;" and (3) the Appellant's failure to file was an honest mistake made in good faith. (ECF No. 9). For the reasons set forth below, and considering the *Pioneer* factors, the Court disagrees.

### A. The Length of the Delay and Its Potential Impact on Judicial Proceedings

Appellant's brief was almost ten months overdue when the Court issued its show-cause order on August 7, 2020. Appellant argues that the length of the delay has no impact on the judicial proceedings because this is a Bankruptcy appeal, and the Bankruptcy Court has already determined the essential facts of the case. (ECF No. 9, p. 6). As a result, Appellant claims that there is no concern about the quality evidence deteriorating over time. *Id.* Appellant also sought to *mitigate* the impact of the late-filed brief by attaching the late-filed brief to his Response—which does nothing to "cure" the ten month delay. (ECF No. 9, p. 7).

The Court disagrees that the length of the delay will not impact the proceedings. Ten months is a substantial delay in any context, but even more egregious considering the 30-day limit for filing an appellate brief in Rule 8018(a)(1). FED. R. BANKR. P. 8018(a)(1). *See United States v. Manning*, 220 B.R. 328, 331 (E.D. Tex. 1998) (holding dismissal of the bankruptcy appeal was an appropriate and fitting sanction for failing to file a brief for over seven and a half months); *see also In re Enron Corp.*, 419 F.3d 115, 127 (2d Cir. 2005) (holding that a creditor's six-month delay in filing a late proof claim was a "substantial" delay).

Further, Appellant never once checked the status of his appeal, even though he is appealing the Bankruptcy Court's dismissal of his first initial appeal for missing a separate briefing deadline. (ECF No. 3-2, p. 432). The Court would expect the Appellant, having made this same mistake in Bankruptcy Court, to have been more diligent during his second appeal. And while Appellant may be sincere that his counsel's honest mistake is the reason for the extended delay, a diligent attorney would have inquired with the court as to the status of the expected scheduling order. *See Manning*, 220 B.R. at 330 (explaining that a diligent attorney in a bankruptcy appeal would have inquired to the court as to the status of the expected scheduling order). Neither Appellant, who is an attorney himself, nor his counsel thought to inquire with the court as to the status of the proceedings. As a result, this appeal sat on the docket without action.

Thus, the Court concludes that the length of the delay and its impact on the current proceedings weigh heavily in favor of dismissal of this appeal.

### B. The Reason for the Delay, Including Whether it Was Within the Reasonable Control of the Movant

Appellant states his failure to file by the Rule 8018(a) deadline was due to his counsel's "horribly mistaken belief that after the filing of the Notice of Transmittal relating to the record on appeal, something akin to a scheduling order would be entered in this case providing the parties deadlines for briefing the Court." (ECF No. 6, p. 4). Further, Appellant attributed any delay in the Court's entry of the "presumed-to-be-forthcoming scheduling order" to the reassignment of this case from another District Court to this Court. (ECF No. 6, p. 4). Apparently, Appellant's counsel (1) never consulted Rule 8018(a)(1), (2) read Rule 8018(a)(1) and ignored its plain language, or (3) reasoned by anecdote to Fifth Circuit appeals, which often involve a Briefing Notice to the parties and Internal Operating Procedures (IOP) for extensions. *See, e.g.*, FED. R. APP. 21(b)(5) ("If briefing or oral argument is required, the clerk must advise the parties, and when appropriate,

the trial-court judge or amicus curiae."); *see also* FED. R. APP. 28, 30, 31, 31.4; 5TH CIR. R. 30.1.2, 31.1, 31.4 (January 2020). The Court disagrees for the following reasons.

### *1. Appellant Misconstrued a Straightforward Procedural Rule*

In determining whether misconstruction of procedural rules constitutes excusable neglect, the court need must consider all evidence the moving party proffers in support of its claim and make an equitable determination that an extension was unwarranted. *See Halicki*, 151 F.3d at 469 "Where . . . the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable. Were it otherwise, 'almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline'." *See Id.* at 470 (quoting *Advanced Estimating Sys. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)). Having considered all of Appellant's proffered evidence on its misconstruction of Rule 8018(a)(1), the Court equitably determines that an extension is not warranted.

The facts of this case are like those in *Halicki*, where the Fifth Circuit affirmed the District Court's denial of the Plaintiff's motion to extend the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) on because of excusable neglect in misconstruing Federal Rule of Civil Procedure 6(e). *Halicki*, 151 F.3d at 467. There, the Plaintiff lost a Title VII employment discrimination case against her employer on summary judgment. *Id.* After the District Court entered final judgment, Plaintiff counted on filing a timely Motion to Amend Judgment under Federal Rule of Civil Procedure 59(e). *Id.* The attorney for the Plaintiff miscalculated the number of days he had to file the Motion to Amend Judgment under Rule 6(e), and it arrived at the District Court two days late. *Id.* The Plaintiff asked for the court to extend the deadline under Federal Rule of Appellate Procedure 4(a)(5) because her attorney's mistake was "excusable neglect." *Id.* The District Court denied her motion and the Fifth Circuit affirmed, holding that

misconstruction of a plain-language procedural rule "will rarely satisfy" the excusable neglect standard. *Id.* at 469-70.

Denial of the Appellant's motion is appropriate here for the same reasons. Here, Appellant's counsel misinterpreted a straightforward procedural rule due to a mistaken believe the Court would issue a scheduling order. (ECF No. 6, p. 4; *see also* FED. R. BANKR. P. 8018(a)(1) ("The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically"). However, unlike the two-day delay in *Halicki*, here Appellant's counsel's mistake caused the case to lie fallow for ten months. *See Halicki*, 115 F. 3d at 467.

As a result, the Court finds that Appellant's misconstruction of the plain language of Rule 8018(a) was not excusable neglect.

### 2. *Appellant's Counsel's Behavior Falls Below the Threshold Required for Neglect to be Excusable*

Further, Appellant's counsel's behavior falls well below "the threshold required for neglect to be excusable." *See Silvercreek*, 534 F.3d at 473. Rule 8018(a)(1) is clear that Appellant had thirty days after the record on appeal becomes electronically available to file an appellant's brief. The September 9, 2019 entry on the Court's electronic filing system confirms that the bankruptcy clerk transmitted the record on appeal on that day, and that the entry contains obvious links to the Record. Appellant's Response indicates that his counsel was aware of the filing of the Notice of Transmittal on the electronic case filing system by that date. (ECF No. 6, p. 4). Had Appellant's counsel consulted Rule 8018(a)(1) instead of relying on his intuition that the Court would release "something akin to a scheduling order," he would have known that the deadline to file an appellant's brief was 30-days following September 9th, or October 9, 2019. Apparently, he never checked the rule. Appellant did not submit a brief by October 9. Nor did he submit any brief until

8

prompted by the Court on August 7, 2020, nearly ten months after the deadline. (ECF No. 5). At no point during the ten months did counsel inquire with the Court to determine when it would need to submit its briefs.

In *Silvercreek Management v. Banc of America Securities, LLC*, the Fifth Circuit affirmed a District Court's denial of a motion to extend on similar facts. There, a class-action Plaintiff missed the deadline to opt out of a class settlement and moved for an extension of time to opt out based on his counsel's excusable neglect. 534 F.3d at 472. The District Court denied the Plaintiff's motion. *Id.* Applying the *Pioneer* factors, the Fifth Circuit affirmed, holding that the orders and documents on the Court's electronic filing site put plaintiff's counsel on notice of the deadline to opt out of the settlement. *Id.* The District Court had acted within its discretion when it denied the motion to extend because the Court "considered the moving party's proffered evidence" and "determined counsel's performance fell below the threshold required for neglect to be excusable." *Id.* at 473.

Denial of Appellant's Response is proper for the same reasons. The docketing of the Notice of Transmittal (ECF No. 3) on September 9, 2019, put Appellant and his counsel on notice that the 30-day window to file an appellant's brief had opened. Appellant's either counsel failed to consult Rule 8018(a)(1) or misconstrued its plain language and failed to submit a brief by the deadline. Whichever reason, "the attorney's performance fell so thoroughly below the threshold required for his neglect to be excusable." *Silvercreek*, 534 F.3d at 472.

Accordingly, the Court finds that Appellant's counsel's behavior was below the threshold required for neglect to be excusable.

### C. Good Faith of the Movant and Danger of Prejudice to the Opposing Party

Consistent with the Supreme Court's holding in *Pioneer*, the Court also considered the danger of prejudice to the opposing party and whether the movant acted in good faith. After evaluating the arguments of the parties, the Court finds 1) that the Appellees were not prejudiced by the delay; and 2) the movant acted in good faith. However, these findings are insufficient to overcome the Court's findings regarding the length and the reason for the delay. This is consistent with *Halicki*, where the Fifth Circuit explicitly held that the misconstruction of procedural rules by a party's attorney in a civil case does not necessarily require finding of excusable neglect warranting extension of time where no prejudice results to the opposing party. 151 F. 3d at 469.

### CONCLUSION

For the foregoing reasons, the Court finds that the Appellant's Response and Supplemental Response (ECF Nos. 6 & 9) containing his request for an extension are hereby DENIED. It is further ORDERED that Defendant's appeal is DISMISSED.

**SO ORDERED.**

September 3, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE